WELCH, J.
 

 |zLandmark of Baton Rouge, LLC (Landmark), appeals that portion of a judgment rendered in favor of Brenda Griffin, awarding her workers’ compensation disability benefits, penalties and attorney fees. Mrs. Griffin also appeals, challenging the sufficiency of the disability benefit award and the partial denial of her claim for penalties and attorney fees. For the reasons that follow, we affirm.
 

 On March 17, 2009, Mrs. Griffin filed this disputed claim for workers’ compensation benefits in the Office of Workers’ Compensation against her employer, Landmark. Therein, Mrs. Griffin, who worked as a cook, asserted that on August 12, 2008, she injured her back while attempting to lift a pot to bring to a table. M. Griffin sought medical treatment and continued to work until December 30, 2008. Landmark paid her temporary total disability from that date through February 21, 2009, when it terminated such benefits. It also paid certain medical expenses, but terminated those benefits in April or May of 2009. Landmark also refused to pay for medical expenses incurred by Mrs. Griffin during her treatment with Dr. Sandra Weitz, a pain management specialist, and refused to authorize a functional capacity evaluation recommended by Dr. Weitz. Mrs. Griffin challenged the termination of her indemnity benefits, Landmark’s failure to pay certain medical expenses, and its refusal to authorize the physician of her
 
 *929
 
 choice. She also sought to recover penalties and attorney fees for termination of her indemnity and medical benefits.
 

 Landmark denied that a work accident occurred. It also claimed that Mrs. Griffin was not entitled to indemnity benefits after February 21, 2009, because she had been released to return to work with certain restrictions and because Landmark offered her a job as a dishwasher meeting those |,^restrictions and paying her 90% or more of her alleged pre-injury wage. Landmark also claimed that Mrs. Griffin had no work-related disability, was able to return to gainful employment, and was not in need of further medical treatment or physical therapy. Landmark further asserted that Mrs. Griffin forfeited her right to workers’ compensation benefits under La. R.S. 23:1208 by overstating the mileage she travelled on doctor’s visits and to fill prescription medications on reimbursement forms.
 

 Following a bench trial held on June 2, 2010, the Workers’ Compensation Judge (WCJ) made the following findings: (1) Mrs. Griffin injured her lower back by accident in the course and scope of her employment with Landmark; (2) Mrs. Griffin’s average weekly wage was $322.00, providing an indemnity rate of $216.66; (3) Mrs. Griffin was not entitled to supplemental earnings benefits (SEB) from February 21, 2009, through August 24, 2009; (4) Mrs. Griffin is entitled to SEB from August 24, 2009, through the day of the trial in the amount of $8,814.38; and (5) Mrs. Griffin did not violate La. R.S. 23:1208. The WCJ awarded. Mrs. Griffin medical treatment with the pain management specialist of her choice, all outstanding medical expenses, penalties in the amount of $2,000.00 and attorney fees in the amount of $6,000.00 for the termination of medical benefits, but declined to award any such amounts with respect to the termination of indemnity benefits.
 

 Landmark appealed, challenging the WCJ’s findings that Mrs. Griffin sustained an accident at work on the basis that Mrs. Griffin’s testimony that she injured her back while working is unbelievable and unreliable. Landmark challenges the WCJ’s award of disability benefits on the basis that the WCJ misread the medical testimony and because it offered Mrs. Griffin the job of dishwasher paying 90% of her pre-injury wages. Landmark also contends 14that the WCJ erred in awarding penalties and attorney fees for its termination of medical benefits, claiming that decision was based on its reasonable belief that Mrs. Griffin did not hurt her back at work. Lastly, Landmark contests the WCJ’s failure to find that Mrs. Griffin forfeited her right to workers’ compensation benefits by submitting false mileage forms.
 

 Mrs. Griffin answered the appeal, urging that the WCJ erred in finding she was not entitled to benefits from February 21, 2009, through, August 24, 2009, and in not awarding her penalties and attorney fees for the termination of her indemnity benefits. She also asked for an increase in the amount of penalties and attorney’s fees awarded by the trial court and an award of attorney fees for work performed in responding to this appeal.
 

 Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review.
 
 Parfait v. Gulf Island Fabrication, Inc.,
 
 97-2104, p. 4 (La.App. 1st Cir.1/6/99), 733 So.2d 11, 16. In applying this standard of review, this court does not determine whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one.
 
 Stobart v. State, Department of Transportation and Development,
 
 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, the faetfin-
 
 *930
 
 der’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Id.
 

 All of the WCJ’s rulings challenged in this appeal involve factual determinations. Upon reviewing the record, we find that the WCJ’s factual determinations are reasonably supported therein and may not be reversed by this court. We hereby issue this memorandum opinion in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1.B affirming the judgment in its entirety.
 

 Furthermore, we find that Mrs. Griffin is entitled to additional attorney | rfees to reflect additional time and effort spent in defending Landmark’s unsuccessful appeal.
 
 See Adams v. Dependable Source Corporation,
 
 2006-1331, p. 10 (La. App. 1st Cir.5/4/07), 961 So.2d 1183, 1189. We enter an attorney fee award in the amount of $1,000.00.
 

 DECREE
 

 For the foregoing reasons, the judgment is affirmed. Judgment is rendered in favor of Brenda Griffin for additional attorney fees in the amount of $1,000.00. All costs of this appeal are assessed to appellant, Landmark of Baton Rouge, LLC.
 

 AFFIRMED.